IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**FRANCIS CURTIS DAVIS**
**also known as**
**ABDUL-MALIK AS-SALAFI,**

        Petitioner,

v.                                    CIVIL ACTION NO.: 3:24-CV-82
                                                             (GROH)

**WARDEN BROWN,**

        Respondent.

**ORDER OVERRULING OBJECTIONS AND**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 13. Therein, Magistrate Judge Trumble recommends (1) the Petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] be denied and dismissed and (2) the Respondent's Motion to Dismiss [ECF No. 8] be granted. ECF No. 13 at 18. The Petitioner timely filed objections to the R&R. ECF No. 15. Accordingly, this matter is ripe for adjudication.

### I. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985).

"When a party does make objections, but the[] objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983)

(finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II.  DISCUSSION

First, the Court finds Magistrate Judge Trumble accurately and thoroughly summarizes the background of this case in his R&R. ECF No. 13 at 2–10. In the interest of brevity, the Court incorporates that summary herein.

The R&R recommends the Respondent's Motion to Dismiss [ECF No. 8] be granted and that this case be dismissed with prejudice. Id. at 18. In support, the R&R reasons the Petitioner is not entitled to application of earned time credits insofar as his recidivism level has remained medium or high. Id. at 15–16. To the extent the Petitioner challenges his recidivism level assessment, the R&R finds that assessment is not reviewable by this Court. Id. at 17–18.

The Petitioner objects to the R&R, arguing "he has not advanced the issue of eligibility versus application" of earned time credits. ECF No. 15 at 1. Rather, the Petitioner avers the present issue is one of statutory interpretation. Id. Specifically, the Petitioner contends the BOP exceeded its authority by setting "the reassessments of all recidivism levels, high, medium and low, at six months." Id. at 1–2. Essentially, the Petitioner asserts BOP Program Statements 5410.01 and 5322.12 violate 18 U.S.C. § 3632(d)(5). See id.

The Petitioner's objection lacks merit. Title 18 U.S.C. § 3632(d)(5) provides:

> A prisoner who successfully participates in evidence-based recidivism reduction programing or productive activities shall receive periodic risk reassessments not less often than annually, and *a prisoner determined to be at a medium or high risk of recidivating **and** who has less than 5 years until his or her projected release date shall receive more frequent risk reassessments*.

(emphasis added). Currently, the BOP reassesses inmates' risk level every six months, as outlined in Program Statements 5410.01 and 5322.12. See ECF No. 8 at 6. In the Petitioner's view, the plain language of § 3632(d)(5) "mandates that high and medium recidivism level federal prisoners are given priority over low and minimum recidivism level prisoners[.]" ECF No. 15 at 2. The Petitioner misreads § 3632(d)(5). The statute does not give priority to those with medium and high-risk scores. Rather, as the Respondent highlights, the statute requires "that an inmate with a medium or high risk of recidivating with fewer than 5 years remaining on their sentence be assessed more frequently than once annually[.]" ECF No. 8 at 6. The Court finds Program Statements 5410.01 and 5322.12 satisfy this requirement of § 3632(d)(5).

### III. CONCLUSION

For the above reasons, the Petitioner's objections [ECF No. 15] are **OVERRULED**. Having reviewed the remainder of the R&R for clear error, the Court finds the R&R carefully considered the record and applied the appropriate legal analysis.

Accordingly, it is the opinion of this Court that the R&R [ECF No. 13] should be, and is hereby, **ORDERED ADOPTED**. The Respondent's Motion to Dismiss [ECF No. 8] is **GRANTED**, the Petitioner's petition [ECF No. 1] is **DISMISSED WITH PREJUDICE**, and this matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to **TERMINATE AS MOOT** all pending motions. The Clerk is **FURTHER DIRECTED** to transmit a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address and to any counsel of record electronically.

**DATED**: January 8, 2025

GINA M. GROH
UNITED STATES DISTRICT JUDGE